IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| RAFAEL MANUEL IGLESIAS and § | CASE NO. 03-50281-H2-7 | |
| PATRICIA IGLESIAS, § | | |
|     Debtors § | | |
| _____ § | | |
| § | | |
| RAFAEL MANUEL IGLESIAS and § | | |
| PATRICIA IGLESIAS, § | | |
|     Plaintiffs § | | |
| § | | |
| vs. § | ADVERSARY NO. 06-5003 | |
| § | | |
| MOTOWN RECORD COMPANY LP; § | | |
| PRIORITY RECORDS LLC; ARISTA § | | |
| RECORDS LLP; SONY BMG MUSIC § | | |
| ENTERTAINMENT; FONOVISA, INC.; § | | |
| and ATLANTIC RECORDING CORP., § | | |
|     Defendants § | | |

**MEMORANDUM OPINION**
**REGARDING ORDER DENYING MOTION FOR SUMMARY JUDGMENT (doc # 11)**

    In this adversary proceeding, Rafael and Patricia Iglesias ("Debtors" or "Plaintiffs") seek a determination that claims by Motown Record Company LP and the other defendants ("Defendants") for copyright infringement have been discharged in their 2003 bankruptcy case. Defendants filed a motion for summary judgment.[1] Plaintiffs have not filed a response to the motion for summary judgment. For reasons set forth below, the motion for summary judgment is granted as to any claims that arose after July 30, 2003.

STANDARDS FOR SUMMARY JUDGEMENT

    Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment, Fed.R.Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

---

[1] The motion was styled a "Motion to Dismiss" under Rule 12, but was accompanied by affidavits and other supporting documentation and therefore is treated as a motion for summary judgment under authority of FRCP 12(b).

which that party will bear the burden of proof at trial." Celotex v. Catrett, 106 S.Ct. 2548, 2552 (1986). Fed.R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, see Anderson v. Liberty Lobby, Inc., 106 S.C.t 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. See Reese v. Anderson, 926 F.2d 494, 498 (5th Cir. 1991); Shaffer v. Williams, 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 106 S.Ct. at 2511. Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. See Rushing v. Kansas City Southern Railway Co., 185 F.3d 496 (5th Cir. 1999), cert. denied, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

### ALLEGATIONS IN MOTION FOR SUMMARY JUDGMENT

Defendants' motion for summary judgment is not opposed. The Court will accept as true the allegations supported by affidavit and the facts of record in this Court. In addition, the Court will accept as true allegations in the complaint that are not disputed in the motion for summary judgment.

Debtors obtained internet access in April, 2003.[2] In November, 2003, approximately 895 audio files (songs), subject to copyright, were recorded on Debtors' computer and were "offered" for distribution from Debtors' computer.[3] The 895 songs "were being distributed" from Debtors' computer in November, 2003.[4]

---

[2] Complaint, "Facts" paragraph 1, undisputed in the motion for summary judgment.

[3] Affidavit of Dr. Doug Davidson, paragraphs 15-21.

[4] *Id*. paragraph 19.

Debtors filed their bankruptcy petition on July 30, 2003. Debtors received a bankruptcy discharge under chapter 7.[5]

Defendants filed a civil action seeking damages for Debtors' alleged violation of Defendants' copyrights of those songs. That civil action is: Civil Action No. 5:05-CV-00034; *Motown Record Company, L.P., et al. v. Rafael Iglesias,* United States District Court, Southern District of Texas, Laredo division.

## CONCLUSIONS OF LAW

### Claims Arising After July 30, 2003 Are Not Discharged in This Bankruptcy Case

A chapter 7 discharge applies only to debts that arose prior to the date of the order for relief, Bankruptcy Code § 727(b). The date that the petition was filed is the date of the order for relief in a voluntary chapter 7 case such as this one, Bankruptcy Code § 301(b). Therefore, claims that arose after July 30, 2003, are not discharged in this case.

### Definitions

"Debt" means "liability on a claim", Bankruptcy Code § 101(12). "Claim" means a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured..." and includes a " ... right to an equitable remedy...", Bankruptcy Code § 101(5). A claim exists even if the claimant is not aware of the claim and has not asserted the claim.[6]

### When Defendants' Claim Arises

Although Debtors' complaint alleges that internet service started prior to July 30, 2003, Debtors do not allege that the alleged copyright infringement occurred prior to that date and even if it did, Debtors did not respond to the motion for summary judgment with any evidence indicating that there was a genuine issue of fact with respect to whether the alleged copyright infringement occurred prior to July 30, 2003. The affidavits in support of Defendants' motion for summary judgment indicate that the alleged copyright

---

[5] The date that the discharge order was issued is irrelevant, as discussed below. The significant date is the date that the bankruptcy petition was filed.

[6] *See* Marcia L. Goldstein, Debra A. Dandeneau, George A. Davis, *Avoiding Environmental Liability 1993: Running the Business, Structuring the Transaction, Negotiating the Deal*, 832 Practising Law Institute 649, 710 - 712 (December - January 1993) (discussing that a claimant, who could not have "fairly contemplated" the claim, cannot be expected to file a claim within the statutory deadline if the claimant is unaware of the action that occurred prior to bankruptcy and unaware of injury caused by such action until after the statutory deadline for filing a claim).

infringement occurred in November, 2003.

Even to the extent that the claim may have arisen prior to July 30, 2003, the claim may be nondischargeable under Bankruptcy Code § 523(a)(3). Neither party has raised that issue and it does not appear to be relevant under the fact affidavits submitted by Defendants and left unopposed by Plaintiffs.

## CONCLUSION

By separate order issued this date, summary judgment is granted and the complaint is dismissed with prejudice.

SIGNED   August 14, 2006

*Wesley W. Steen*

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE